# IN THE SUPREME COURT OF TEXAS

════════════

No. 16-0897

════════════

NEIGHBORHOOD CENTERS INC., PETITIONER,

v.

DOREATHA WALKER, RESPONDENT

════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

════════════════════════════════════════════

**Argued November 7, 2017**

JUSTICE JOHNSON, concurring.

The Court says that the question in this case is "whether the [Whistleblower Act] applies to an open-enrollment charter school operated by a tax-exempt entity." *Ante* at __. It ultimately concludes that the Act, which applies only to state and local governmental entities, does not apply to open-enrollment charter schools because (1) the Whistleblower Act does not say it does, and (2) it is not listed in the Charter Schools Act. *Ante* at __. I agree.

However, the Court's opinion contains language regarding immunity that I consider unnecessary to its analysis and which might be taken by some as endorsing or assuming the validity of legislation that, at first blush, seems to conflict with our prior cases and with the Texas Constitution. The Court states that "under a statute specifically applicable to charter schools,

including those listed in the [Charter Schools Act], an open-enrollment charter school is immune from liability and suit as a school district." *Ante* at __. The Court bases this statement on Education Code section 12.1056(a) which provides that "[i]n matters related to operation of an open-enrollment charter school, an open-enrollment charter school or charter holder is immune from liability and suit to the same extent as a school district." TEX. EDUC. CODE § 12.1056(a).

Whether, under the Texas Constitution, the Legislature has authority to grant immunity is not a question presented in this case. It is an important question, and one the Court has addressed before. The doctrine of sovereign or, as applied to political subdivisions of the state, governmental, immunity developed through the common law. The judiciary "has historically been, and is now, entrusted with 'defin[ing] the boundaries of the common-law doctrine and . . . determin[ing] under what circumstances sovereign immunity exists in the first instance.'" *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 432 (Tex. 2016) (quoting *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex. 2006)). But courts have deferred to the Legislature regarding *waiver* of immunity because "the Legislature is better suited to balance the conflicting policy issues associated with waiving immunity." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695–96 (Tex. 2003).

In *LTTS Charter School, Inc. v. C2 Construction, Inc.*, we considered whether an open-enrollment charter school was a "governmental unit" under the Tort Claims Act and, therefore, whether the school was entitled to take an interlocutory appeal from the trial court's denial of its plea to the jurisdiction. 342 S.W.3d 73, 74–75 (Tex. 2011). The Court did "not resolve the underlying issue of whether [the school] enjoys immunity" from the contract claim being made

2

there, and did not otherwise address the Legislature's enactment regarding charter school immunity. *Id.* at 82. The dissenting justice noted that the issue of whether the Legislature could confer immunity on a private entity was far from clear. *Id.* at 89 (Guzman, J., dissenting) ("[T]he precise contours of the Legislature's power to grant immunity by statute remain unclear—it is no doubt limited by the Open Courts and Due Course of Law provisions of our Constitution.").

That the question is not presented or decided in this case is manifested by the Court's brief reference to the statutory language and the lack of the type of discussion and analysis warranted regarding an issue of such constitutional magnitude. I do not read the Court's opinion in this case to endorse the concept that under the Texas Constitution the Legislature is authorized to grant sovereign or governmental immunity, or that it has done so in section 12.1056(a). That question, if it were to be presented, is one of constitutional dimension, warranting full and transparent briefing, analysis and discussion—especially in light of our prior statements and decisions. *See, e.g.*, *Univ. of the Incarnate Word v. Redus*, 518 S.W.3d 905, 911 (Tex. 2017); *Wasson Interests, Ltd.*, 489 S.W.3d at 432; *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 121 (Tex. 2015); *Reata Const. Corp.*, 197 S.W.3d at 375.

_____
Phil Johnson
Justice

**OPINION DELIVERED:** April 13, 2018

3